HENRY HACKEMACK *et al.*

*v.*

ANTON WIEBROCK.

*Opinion filed February 14, 1898 —Rehearing denied April 7, 1898.*

1. APPEALS AND ERRORS—*appellant cannot complain of errors affecting parties not appealing.* An objection that the chancellor, on finding that a note secured by mortgage on corporate property was the note of the president and secretary of the corporation individually, had no power to decree foreclosure, cannot be considered on an appeal taken by such president and secretary alone.

2. BILLS AND NOTES—*when secured note will not be reformed in equity.* A note, secured by mortgage on corporate property, which is so drawn as to bind the president and secretary individually, will not be reformed, on foreclosure, so as to make it the note of the corporation, where it appears that the payee, an aged German who understood English imperfectly, refused to make the loan evidenced by the note until assured by the president and secretary that they, as well as the directors, would be personally liable.

*Hackemack* v. *Wiebrock,* 71 Ill. App. 170, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

D. MACK & SON, for appellants.

SHARP & BERRY BROS., for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants were president and secretary of the Eagle Butter and Cheese Company, a corporation, and borrowed from appellee, for its use, $1500, executing a promissory note, as follows:

"$1500.                                    *December 3, 1892.*

"One year after date we promise to pay to the order of Anton Wiebrock fifteen hundred dollars, at six per cent interest.  Value received.                HENRY HACKEMACK, *Pres.*

RAYTHE NAGEL, *Sec'y.*"

To secure the payment of this note they executed a mortgage of the corporation upon its property to appellee, reciting an indebtedness of the corporation of said amount, "secured to be paid by its one certain promissory note of even date herewith, for said sum of $1500, payable to said party of the second part one year after date," and reciting a resolution of the board of directors of December 1, 1892, authorizing appellants, as president and secretary, to borrow said sum, and to execute a note and mortgage, under the seal of the corporation, upon its real estate, to secure the same.  The note was not paid, and appellee filed his bill in this case to foreclose the mortgage, and asked for a decree against appellants for any balance that might be due after a sale of the mortgaged premises.  Neither the corporation nor appellants appeared, and a decree was entered by default, but was afterwards set aside on motion of appellants, upon their stipulating in open court that they would not make any objection to the jurisdiction of the court to render a decree against them for any balance due on said mortgage and note after the application of the proceeds of sale of the mortgaged property, provided the proof taken should show that they were personally liable for the debt.  They filed their answers, alleging that appellee, at the time the loan was made, agreed and fully understood that he was making the same to the Eagle Butter and Cheese

Company, and was taking as his sole security the said note and mortgage as the note and mortgage of the corporation; that by mistake the note was written so as to make them personally liable, whereas it was mutually intended to be made as the note of the corporation. They also filed their cross-bill making the same averments, and praying the court to reform the note so as to express the mutual understanding and make it the note of the corporation. Issues were made up on the bill and cross-bill, and those issues were referred to the master to take and report the evidence and his conclusions thereon. The evidence was taken, and the master reported that appellee made the loan and accepted the note supposing and believing that it was the individual note of the appellants, and he found that they were individually liable on the note, and that the mortgage was only additional security for its payment. Exceptions were overruled, and a decree was entered finding that the allegations of the cross-bill were not supported, and that appellants were personally liable on the note. A decree was entered dismissing the cross-bill and ordering the mortgaged premises sold, and, in case of deficiency, requiring appellants to pay the same. From that decree appellants took an appeal to the Appellate Court for the Third District, where it was affirmed.

It is argued that if the note was that of appellants then it did not bind the corporation, and appellee had no right to a decree of foreclosure against the corporation, and that the conclusions of the master and court were inconsistent and conflicting in foreclosing the mortgage to pay the note and also holding the note to be that of appellants. The Eagle Butter and Cheese Company did not take an appeal from the decree of foreclosure against it, but is content with the decree and that its property shall be sold to satisfy the debt. The question, therefore, of the propriety of the decree, as against the corporation, is not before us, but the controversy is, as was

stated by counsel for appellants to the Appellate Court in their brief, as follows: "All that is involved in this appeal is the one simple question of fact, was said note made in the form it bears by a mistake that was mutual? —was it the agreement and intention of all the parties to it that it was to be, and should have been made, such a note as is described in the mortgage,—that is, a note by the corporation?" If that question is answered in the negative, the rights of the parties to this appeal have been correctly settled and the judgment must be affirmed; and upon that question we agree with the master, the chancellor and the Appellate Court.

It appears that the appellee is a farmer, over eighty-five years of age,—a German, who understands English imperfectly,—and the appellants applied to him for the loan for the Eagle Butter and Cheese Company, but he refused to loan the money to them on the security of the creamery. There is no conflict as to this fact in the evidence, but it appears from the testimony of all the parties. He told appellants he would let them have the money, and was assured by them, and by the notary public in their presence, that they would be personally liable for the debt, as well as all the other directors of the corporation, who were named over to him. He was satisfied with that assurance, and it was this declaration of appellants and of the notary, made at their request and explained in German to appellee, that induced him to part with his money. Appellants probably intended the note to be the note of the corporation, and that their liability, which they assured the appellee would exist, would be a secondary liability; but if that is so, they obtained by the decree all that they could ask for under the agreement, when the mortgaged property was first taken and they were only required to pay any deficiency that might result. But whatever they understood, appellee expected that the note would be such as would bind them, and he received it as what he intended and

understood, so that there is no mutual mistake or misunderstanding as to the form of the note and no ground for reforming it.

It is insisted that by reading the note and mortgage together, as one instrument, it appears the note was intended as that of the corporation. But under the stipulation made when the decree was opened, appellants could not complain if, from all the facts and circumstances, they were shown to be equitably liable for the debt. As we have already said, we think that fact was established.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS took no part in this decision.